UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

**JENNIFER BAIRD,**

                              **Plaintiff,**                          Civil Action No. _____

-against-                                                            **COMPLAINT**

                                                                           **Jury Trial Demanded**

**COLLECTO, INC. d/b/a EOS CCA,**

                              **Defendant.**

---

## I. Introduction

1. This is an action for damages brought by an individual consumer for Defendant's violation so of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices, and New York State common law, under which the collection fees demanded by Defendant are excessive, unconscionable, amount to a penalty, and are unenforceable.

## II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337. Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

## III. PARTIES

3. Plaintiff, Jennifer Baird, is a natural person residing in the County of Monroe, State of New York at 344 Youngs Avenue, Rochester, New York 14606.

4. Upon information and belief, Defendant, Collecto, Inc. d/b/a EOS CCA ("EOS CCA") is a Massachusetts corporation engaged in the business of collecting debts

in this state with a place for business located at 300 Canal View Boulevard Suite 130, Rochester, New York 14623 and an address for service at 700 Longwater Drive, Norwell, Massachusetts 02061.

5.  EOS CCA is a debt collector as defined by FDCPA, 15 U.S.C. § 1692a(6).

## IV.  FACTUAL ALLEGATIONS

6.  Defendant mailed a collection letter to Plaintiff, Jennifer Baird, on the letterhead of EOS CCA dated May 5, 2012 with a list of accounts totaling $949.00 and requested a check or money order payable to EOS CCA. A copy is attached hereto as Exhibit A.

7.  The May 5, 2012 collection letter by EOS CCA was the initial communication EOS CCA had with Plaintiff, but contained none of the following statements: that unless the consumer within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

8.  EOS CCA failed to send any written communication to Plaintiff within 5 days of the initial communication made by letter dated May 5, 2012, containing the statements set forth in paragraph 7 of the complaint, and failed at any time thereafter to date to

provide Plaintiff with written communication containing such statements.

9. After the initial collection letter dated May 11, 2012, EOS CCA continued its collection efforts against Plaintiff. Six calls were made by EOS CCA to Plaintiff over the course of July, August and September of 2012 attempting to collect from Plaintiff.

10. Two calls were made in July of 2012, two calls were made in August of 2012, and two calls were made in September of 2012.

11. EOS CCA's collection calls to Plaintiff in September of 2012 were made on September 19 and September 20. Plaintiff gave notice to EOS CCA in the September 19, 2012 to contact her attorney, David M. Kaplan, Esq. with regard to any future collection activities by EOS CCA, and not contact her directly. Plaintiff provided EOS CCA with her attorney's phone number for that purpose. However, EOS CCA again contacted Plaintiff directly on September 20, 2012.

12. Plaintiff did not owe the amounts set forth in the letter of May 5, 2012. All the amounts allegedly owed should have been covered by Plaintiff's insurance/Medicaid which should have been applied for and received by the alleged creditor, and/or were more than 6 years old.

### V. CLAIM FOR RELIEF

13. Plaintiff repeats and realleges and incorporates by reference paragraphs one through twelve above.

14. EOS CCA violated the FDCPA. EOS CCA's violations include, but are not limited to, the following:

   a. EOS CCA violated 15 U.S.C. § 1692g(a) by failing to provide the required notice set forth in subparagraphs (1), (2), (3), (4) and (5) of 15

       U.S.C. § 1692g(a) within five days after the initial communication with Plaintiff, or at any time thereafter to date.

    b. EOS CCA violated 15 U.S.C. § 1692b(6) by communicating with Plaintiff after EOS CCA was informed by Plaintiff that she was represented by an attorney whose name and phone number she provided to EOS CCA for purposes of communicating with the attorney.

    c. EOS CCA violated 15 U.S.C. § 1692e(2)(A) and (B) by falsely representing the character, amount and status of debts allegedly owed to the creditors set forth in the May 11, 2012 letter to Plaintiff. Specifically, the debts listed in the May 11, 2012 letter should have been covered by Plaintiff's insurance/Medicaid which the creditor agreed to apply for and/or the debts were barred by the statute of limitations applicable to contracts for services governed by New York State law.

15. As a result of the above violations of the FDCPA, the Defendant is liable to the Plaintiff for a declaratory judgment that defendants' conduct violated the FDCPA, and Plaintiff's actual damages, statutory damages, and costs and attorney fees.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

    A. Declaratory judgment that defendants' conduct violated the FDCPA.

    B. Actual damages.

    C. Statutory damages pursuant to 15 U.S.C. § 1692k.

    D. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k.

    E. For such other and further relief as may be just and proper.

Respectfully submitted,

s/David M. Kaplan
David M. Kaplan
Attorney for Plaintiff
2129 Five Mile Line Road
Penfield, NY 14526
585-330-2222

**DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demands trial by jury in this action.

s/David M. Kaplan
Attorney for Plaintiff

5